UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Bradley Schaefer, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No:1:13-cv-1201 |
| | ) |
| Carson Smithfield, LLC, and | ) |
| Resurgent Capital Services, L.P., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) _____ |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Bradley Schaefer, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Carson Smithfield, LLC (hereinafter referred to as "Carson"), is a debt collection agency and/or debt purchaser.

14. The Defendant, Carson Smithfield, LLC, is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. The Defendant, Resurgent Capital Services, L.P. (hereinafter referred to as "Resurgent", together with Carson "Defendants"), is a debt collection agency and/or debt purchaser.

16. The Defendant, Resurgent Capital Services, L.P., is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "2" attached hereto.*

17. The Defendants regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. The Defendants regularly collect, or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

19. The Defendants are debt collection agencies and/or debt buyers attempting to collect an alleged debt from Plaintiff.

20. The Plaintiff incurred an alleged debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

21. The alleged debt owed by the Plaintiff went into default.

22. After the alleged debt went into default, the alleged debt was placed or otherwise transferred to the Defendants for collection.

23. The Plaintiff disputes the alleged debt.

24. The Plaintiff requests that the Defendants cease all further communication on the alleged debt.

25. The Defendants' collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

26. The Defendants acted at all times mentioned herein through its employee(s) and/or representative(s).

27. On February 14, 2013, the Defendant, Carson, sent the Plaintiff a dunning letter in an attempt to collect a debt to Merrick Bank. *See Exhibit "3" attached hereto*.

28. The "Balance Due" on the February 14, 2013 letter is $1,114.87. *See Exhibit "3" attached hereto*.

29. The February 14, 2013, letter contains the following language, "Merrick Bank Corporation has hired Carson Smithfield, LLC, to collect the balance due.... *See Exhibit "3" attached hereto*.

30. Thus, according to Defendant Carson, it was the entity assigned to collect this debt as of February 14, 2013, by Merrick Bank.

31. On March 22, 2013, the Plaintiff filed for bankruptcy protection under Title 11, Chapter 13, of the United States Code, bankruptcy case number 13-02764-RLM-13. *See Exhibit "4" attached hereto*.

32. The Plaintiff's petition contained a list of several schedules and debts.

33. A debt to Merrick Bank Corporation was listed on the Plaintiff's Schedule F. *See Exhibit "4"*.

34. On April 2, 2013, the Defendant Resurgent filed a Proof of Claim with the Bankruptcy Court stating that it owned the debt to Merrick Bank Corporation. The Proof of Claim is the claim form completed by the Defendant, Resurgent, **under oath**, and filed by the Defendant in an attempt to recover payment from the Plaintiff's payments to the Chapter 13 Trustee. *See Proof of Claim attached hereto as Exhibit "5"*.

35. According to the forward flow agreement attached to the Proof of Claim, Merrick Bank pre-sold this debt to Defendant Resurgent upon charge-off.

36. The Proof of Claim states that the amount of the debt, as of the date the Plaintiff filed his bankruptcy petition (March 22, 2013), is $745.97, and that there was $0.00 due in interest on the Merrick Bank account. *See Exhibit "5"*.

37. The Proof of Claim also states that "Information on this account was obtained from the data files received from the assignor [(Merrick Bank)] and other information...". Therefore, the information on the Proof of Claim is purported to be highly accurate. *See Exhibit "5" attached hereto*.

38. Additionally, the Proof of Claim, filed **under oath** by the Defendant Resurgent, states that it received Power of Attorney from Merrick Bank on September 29, 2009. *See Exhibit "5"*.

39. Therefore, according to Defendant Resurgent, it has had the authority on this account since September of 2009, although the Proof of Claim states that the account was not even charged off until November 30, 2012. *See Exhibit "5" attached hereto*.

40. **Since Defendant Resurgent allegedly had the authority to handle the account, the dunning letter sent by Defendant Carson was a material misrepresentation in an attempt to collect a debt, as Merrick Bank did would not have hired Defendant Carson to collect the debt when it had given Defendant Resurgent that authority**. *See Exhibit "5"*.

41. The Defendants alleged varying amounts owed by the Plaintiff in their attempts to collect the same alleged debt to Merrick Bank, with Defendant Carson adding interest when according to the Proof of Claim filed by Defendant Resurgent there was no accrued interest on the alleged debt.

42. The Defendants do not legally own the debt they are attempting to collect.

43. The Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 43 of the complaint are realleged and incorporated herewith by references.

2  The Defendants's engaged in conduct the natural consequence is to harass or oppress any person pursuant to the preface of 15 U.S.C. § 1692d, when the alleged multiple amounts due on a dunning letter and Proof of Claim.

3  The Defendants' acts and omissions constitute a violation of 15 U.S.C. § 1692d and § 1692e, by stating different amounts on every communication with the Plaintiff.

4

4   The Defendants violated the FDCPA pursuant to 15 U.S.C. § 1692d and § 1692e when Defendant Resurgent stated that it had authority on this alleged debt from 2009 yet the Defendant Carson was attempting to collect in February 2013.

5   The Defendants' acts and omissions constitute a violation of 15 U.S.C. § 1692d by engaging in multiple communications with the Plaintiff in attempts to collect a debt, and stating a different amount owed by Plaintiff in each communication.

6   The Defendants' acts and omissions constitute unfair and unconscionable means to collect a debt pursuant to 15 U.S.C. § 1692f, when they engaged in multiple communications with the Plaintiff in attempts to collect a debt, yet stated different amounts owed in each and every communication.

7   The Defendants violated the FDCPA pursuant to 15 U.S.C. § 1692e by attempting to collect a debt they do not legally own.

8   The Defendants' conduct violated 15 U.S.C. § 1692d.

9   The Defendants' conduct violated 15 U.S.C. § 1692e.

10  The Defendants' conduct violated 15 U.S.C. § 1692f.

11  As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com