UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRADLEY SCHAEFER, )
)
Plaintiff, )
)
vs. ) Case No. 1:13-cv-01201-DML-RLY
)
CARSON SMITHFIELD, LLC and )
RESURGENT CAPITAL SERVICES, )
L.P., )
)
Defendants. )

# Order on Defendants' Motion for Summary Judgment

Defendants Carson Smithfield, LLC and Resurgent Capital Services, L.P. seek summary judgment on all of the plaintiff's claims in this case brought under the Fair Debt Collection Practices Act. The court finds there is no genuine dispute as to any material fact and the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## Summary Judgment Standard

A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inference from the evidence in favor of the nonmoving party. *Zerante v. DeLuca,* 555 F.3d 582, 584 (7th Cir. 2009). Only factual disputes that

might affect the outcome of the suit in light of the substantive law will prevent summary judgment. *Liberty Lobby,* 477 U.S. at 248.

## Analysis

I.  **Undisputed Material Facts**

In April 2011, plaintiff Bradley Schaefer applied for a VISA credit card with Merrick Bank through the Bank's website. (Declaration of Cami Mitchell Watson, ¶ 4, Dkt. 42-2). His application was approved and Merrick Bank sent Mr. Schaefer a credit card and a copy of the Cardholder Agreement governing the account. (*Id.,* ¶¶ 5-6). On November 30, 2012, Merrick Bank charged off the account because Mr. Schaefer had not made a payment for at least 180 days. (*Id.,* ¶ 7). On that same date, Merrick Bank referred the account for collection to defendant Carson Smithfield, a firm with which Merrick had a contract to perform debt collection services. (*Id.,* ¶ 8). The amount owed by Mr. Schaefer at charge off and when his account was referred to Carson Smithfield for collection was $1,114.87, made up of $745.97 in principal and $368.90 in interest. (*Id.* ¶ 8).

On February 14, 2013, Carson Smithfield sent a collection letter to Mr. Schaefer offering to settle his account. The letter stated that the balance due on his credit card account was $1,114.87. (*See* Dkt. 42-3 at p. 2.) That statement was true. (Compare Carson Smithfield's letter to Merrick Bank's charge-off account summary, at Dkt. 42-2 at p. 13.)

Mr. Schaefer filed a Chapter 13 bankruptcy proceeding on March 22, 2013, and he listed as a debt on his bankruptcy schedules his Merrick Bank credit card

account. (Complaint, Dkt. 42-1, ¶¶ 31-33). On March 28, 2013, Merrick Bank placed Mr. Schaefer's account with defendant Resurgent Capital Services, L.P. for the purpose of submitting a proof of claim in the bankruptcy proceeding, but only for the principal amount of the debt, or $745.97. (Watson Dec., Dkt. 42-2, ¶ 9). Resurgent had no involvement with the drafting or sending of the earlier February 14, 2013 collection letter by Carson Smithfield. (Declaration of Tonya Henderson, Dkt. 42-4, ¶ 15).

On April 2, 2013, Resurgent (acting under a power of attorney given by Merrick Bank) filed a Proof of Claim in the bankruptcy proceeding. (*Id.*, ¶¶ 11-14). The Proof of Claim (at Dkt. 42-5) is dated April 1, 2013, and contains the following information relevant to the summary judgment issues. It lists the "Amount of Claim as of Date Case Filed" as $745.97. It leaves blank a box that must be checked "if the claim includes interest or other charges in addition to the principal amount of the claim." It includes a document titled "Account Detail." That document states that the account was charged off by Merrick Bank, the original creditor, on November 30, 2012, and that "the amount due as of the date the bankruptcy case was filed" is $745.97. It lists as "principal**" the amount of $745.97 and as "interest**" the amount of "$0.00." The notes for the asterisks explain that this information regarding principal and interest "was obtained from the data files received from the assignor and other information such as Bankruptcy court records."

## II. Mr. Schaefer's Legal Claims

Mr. Schaefer's complaint seeks relief against both Carson Smithfield and Resurgent Capital under provisions of the Fair Debt Collection Practices Act. Neither defendant disputes each is a debt collector (15 U.S.C. § 1692a(6)) or that Mr. Schaefer's Merrick Bank credit card debt is a debt covered by the Act (as one incurred primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(5)).

Although Mr. Schaefer's complaint and his brief opposing summary judgment lump the defendants together, he must show a genuine issue for trial as to each defendant. Mr. Schaefer has cited no evidence permitting an inference that Resurgent Capital played a role in Carson Smithfield's February 2013 debt collection communication or permitting an inference that Carson Smithfield played a role in the April 2013 Proof of Claim filed by Resurgent Capital on Merrick Bank's behalf in Mr. Schaefer's bankruptcy proceeding.

The court first will address the claims against Carson Smithfield and then the claims against Resurgent Capital.

### A. Claims Against Carson Smithfield

Mr. Schaefer's complaint alleges Carson Smithfield violated three provisions of the FDCPA. They are (1) 15 U.S.C. § 1692d, which prohibits debt collection activity having "the natural consequence" to "harass, oppress, or abuse" a person; (2) 15 U.S.C. § 1692e, which prohibits the use of a "false, deceptive, or misleading representation or means" in collecting a debt, and (3) 15 U.S.C. § 1692f, which

4

prohibits the use of "unfair or unconscionable means" to collect a debt.[1]  The only conduct by Carson Smithfield giving rise to the claims is its February 14, 2013 collection letter.  The only aspect of the collection letter forming a basis for Mr. Schaefer's claims is the letter's representation that the balance due on Mr. Schaefer's credit card account was $1,114.87.

It is undisputed that that statement was true.  (Watson Declaration, ¶ 8 and Ex. C thereto, Dkt. 42-2).  In fact, the balance due matched the final account statement Merrick Bank sent to Mr. Schaefer dated November 19, 2012.  (*Id.*)

The balance due was made up of $745.97 in principal and $368.90 in interest, and although Carson Smithfield's letter did not contain a breakdown advising Mr. Schaefer of the principal and interest elements, it is well-settled under Seventh Circuit law that a debt collector does not need to provide a breakdown of the component parts of the consumer's debt.  If the debt collector has clearly communicated the "bottom line" amount due, that is sufficient.  *Hahn v. Triumph Partnerships LLC,* 557 F.3d 755, 757 (7th Cir. 2009) (*citing Barnes v. Advanced Call Center Technologies, LLC,* 493 F.3d 838 (7th Cir. 2007)) (debt collector does not need to break out principal and interest and it is enough to tell the debtor the bottom line owed "without saying where this figure came from").

---

[1] Mr. Schaefer's brief opposing summary judgment suggests he is limiting his claims against both defendants to a violation of 15 U.S.C. § 1692e, based on the defendants' making of misleading representations.  (*See* Dkt. 55 at p. 13.)  Whether Mr. Schaefer meant that as a concession, the court's analysis is not affected.  The same alleged misleading representations that underlay the §1692e claim are the bases of his §1692d and §1692f claims.  In other words, if there were no misleading representations as a matter of law, then all of Mr. Schaefer's FDCPA theories fail.

Mr. Schaefer's retort is that Resurgent Capital's later Proof of Claim (filed April 1, 2013), in which a claim was made for $745.97 in principal and $0.00 in interest, operated to make Carson Smithfield's earlier communication unclear, and to confuse and mislead him, about the amount of his debt. He cites case law in which courts found that accurate information in a dunning letter can be the basis of an FDCPA violation where accurate information is "contradicted," "obscured," "overshadowed" or made confusing or misleading by other information in the same communication. *See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000) (reversing district court's grant of motion to dismiss where language in collection letter contradicted or overshadowed explanation of consumer's right to seek validation of the debt); *Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997) (collection letter informing debtor he had 30 days to contest the debt but also said he would be sued if payment was not made within one week found objectively confusing to an unsophisticated consumer and therefore violated the FDCPA); *Gammon v. GC Services Ltd. Partnership,* 27 F.3d 1254 (7th Cir. 1994) (letter's statement that the debt collector also collected debts for government taxing authorities, though true, may mislead the unsophisticated consumer); *Ozkaya v. Telecheck Services, Inc.,* 982 F. Supp. 578, 584 (N.D. Ill. 1997) (statement in collection letter that payment was due without delay overshadowed notice in same statement of consumer's right to validation notice).

These cases and their rationale are inapposite. Here, Mr. Schaefer points to nothing within Carson Smithfield's letter or anything else it said or did that made

6

its accurate statement of the balance due misleading, confusing, obscured, or overshadowed. Moreover, Mr. Schaefer has cited no authority to support a theory that a debt collector, whose communication is not itself false, misleading or confusing (and remember, Carson Smithfield was not required to provide a principal and interest breakdown) can be found liable for an FDCPA violation because a later communication from a *different* debt collector allegedly confused the consumer about the original communication.

For these reasons, the court finds that defendant Carson Smithfield is entitled to summary judgment on the claims against it.

### B. Claims Against Resurgent Capital

Mr. Schaefer's claims against Resurgent Capital allege it too violated the FDCPA's proscription against false, misleading, or deceptive collection communications, and that by misleading and confusing Mr. Schaefer, Resurgent Capital engaged in unfair or unconscionable conduct, and harassed, abused, or oppressed him. The claims against Resurgent Capital are based on the contents of the Proof of Claim. Mr. Schaefer states he was confused by the Proof of Claim's description of his debt because Carson Smithfield's earlier communication stated a different, much higher balance due and he had not made any payments to bring down the balance.

Again, here, however, Mr. Schaefer is attempting to foist liability on one defendant based on the action of a separate defendant. He has cited no authority for doing so or brought forth evidence to dispute Resurgent Capital's evidence that

7

it had no involvement with the drafting or sending of the earlier February 14, 2013 collection letter by Carson Smithfield. (Declaration of Tonya Henderson, Dkt. 42-4, ¶ 15).

Even if the court overlooked that issue, Resurgent Capital's designated undisputed facts show that the Proof of Claim's statement of Merrick Bank's claim was true. Mr. Schaefer has pointed to nothing to counteract the evidence that Merrick Bank directed Resurgent Capital to file a claim only for the principal owed by Mr. Schaefer. (*See* Watson Declaration, Dkt. 42-2, ¶ 9.) That is what Resurgent Capital did, as indisputably shown by the Proof of Claim, which on its face makes a claim *only* for principal and does not seek to collect interest.[2]

Federal Rule of Bankruptcy Procedure 3001 provides that a proof of claim is a "written statement setting forth the creditor's claim" and "shall conform substantially to the appropriate Official Form." The Official Proof of Claim Form,

---

[2] In ruling on the defendants' motion to dismiss Mr. Schaefer's complaint, the court decided that Mr. Schaefer's alleged interpretation of the Proof of Claim form to mean that because the form listed interest as $0.00, his Merrick Bank credit card must have been an interest-free account was idiosyncratic. The "unsophisticated consumer" has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." *Williams v. OSI Educational Services, Inc.,* 505 F.3d 675, 678 (7th Cir. 2007). The court did not dismiss Mr. Schaefer's claims, however, because he alleged he disputed the amounts claimed by the defendants in their communications. The court was unwilling to assume on a motion to dismiss that the principal amount on the Proof of Claim form was accurate and that Merrick Bank had forgone seeking to collect interest in the bankruptcy proceeding. Summary judgment is of course a different procedural vehicle and the court evaluates claims in light of undisputed facts and reasonable inferences therefore. The evidence before the court now establishes that Merrick Bank directed Resurgent to make a claim for principal only and that the principal amount on the Proof of Claim form is an accurate statement of the principal accrued by Mr. Schaefer on his VISA account.

which was used here, specially directs a creditor to indicate whether it is making a claim for only principal or whether its claim includes interest or other charges in addition to principal. The form requires the creditor to check a box if the claim includes interest or other charges "in addition to the principal amount," and if the box is checked, the creditor must attach a statement that itemizes the interest or charges. (*See* Resurgent's Proof of Claim, Dkt. 55-4 at p. 1.) Resurgent left the box unchecked, thus communicating the principal amount of the debt and that its claim did not include interest or other charges. The Proof of Claim, therefore, satisfied the requirement of Fed. R. Bank. P. 3001, which states that in individual-debtor cases, "*If*, in addition to the principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim." Fed. R. Bank. P. 3001(c)(2)(A) (emphasis added).

Undisputed evidence also proves that the amount shown as the principal amount for which the claim was made ($745.97) was a true statement of the principal owed by Mr. Schaefer. (Watson Declaration, Dt. 42-2, ¶¶ 8-9 and Ex. C at Dkt. 42-2, p. 13).

Mr. Schaefer responds that the FDCPA requires a debt collector to "state the amount of the debt," and because unpaid principal is only part of a debt, then Resurgent Capital violated the FDCPA. He relies on *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000). In *Miller*, the consumer alleged that a debt collector violated Section 1692g(a)(1) of the

9

FDCPA, which requires a debt collector to notify the debtor of certain information in his initial communication to the debtor or within five days of the initial communication. Among other things, the debt collector must provide notice of "the amount of the debt." The defendant had sent a dunning letter for a mortgage debt, which listed the "unpaid principal balance," and stated there were other accrued but unpaid interest, late charges, escrow advances, or other charges, the amount of which could be learned by calling a toll free number. *Id.* at 872. The court ruled this communication failed to comply with §1692g(a)(1)'s requirement to state the amount of the debt: "The statement does not comply with the Act . . . . The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Id.* at 875.

*Miller* is of no help to Mr. Schaefer. First, he has never asserted that Resurgent Capital violated Section 1692g(a)(1), or even that a Proof of Claim in a bankruptcy proceeding is subject to the requirements of Section 1692g. Second, even if such a claim had been made, it would not be viable. As the parties' briefing shows, there is a split of authority throughout the country whether a bankruptcy Proof of Claim is a communication subject to any FDCPA requirements. *See* the discussion in *In re Jacques,* 416 B.R. 63, 79-81 (Bankr. E.D.N.Y. 2009). That precise question has not been addressed by the Seventh Circuit and the court finds it unnecessary to decide the issue here. The Seventh Circuit has recognized, however, that the Bankruptcy Code can displace requirements under the FDCPA when they conflict. *Randolph v. IMBS, Inc.,* 368 F.3d 726, 730-31 (7th Cir. 2004)

10

("Overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both"). *Accord Simon v. FIA Card Services, N.A.,* 732 F.3d 259, 280 (3rd Cir. 2013) (where consumer debtor's FDCPA claim conflicted with the Bankruptcy Code, it was precluded).

Under Mr. Schaefer's theory of liability against Resurgent Capital, repeal is implicated. As previously described, Bankruptcy Rule 3001 expressly contemplates a creditor making a claim for only the unpaid principal balance of a debt and it requires an itemization of interest and other non-principal charges *only* where a claim is made for such interest and other charges. That's incompatible with Mr. Schaefer's view of Section 1692g(a)(1)'s prohibition against stating the debt by reference only to the unpaid principal balance, as described in *Miller,* 214 F.3d at 875 (7th Cir. 2000).[3]

In summary, there are no disputed issues of material fact for a jury to decide on Mr. Schaefer's FDCPA claims against Resurgent Capital. The undisputed evidence establishes that Resurgent Capital's one communication with Mr. Schaefer (a) clearly communicated the amount of principal it was claiming for Mr. Schaefer's

---

[3] The court does not necessarily agree with Mr. Schaefer's interpretation of *Miller.* There, the debt collector was seeking to collect a mortgage debt but stated only the unpaid principal and not the amount of unpaid interest and other charges it was also seeking to collect. The FDCPA's requirement that a debt collector include in its initial communication "the amount of the debt" refers to the amount the debt collector is seeking to collect from the consumer. *See Williams v. OSI Educational Services, Inc.,* 505 F.3d 675, 677 (7th Cir. 2007). If the collector in *Miller* had been seeking to collect only the principal, then the court may not have found it had failed to state the amount of the debt in violation of Section 1692g(a)(1).

11

VISA account and that no interest charges were sought and (b) contained a principal amount that was accurate. Resurgent Capital is therefore entitled to summary judgment.

## Conclusion

For the foregoing reasons the court GRANTS the motion for summary judgment (Dkt. 40) filed by defendants Carson Smithfield, LLC and Resurgent Capital Services, L.P. Final judgment will issue.

So ORDERED.

Dated: March 27, 2015

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system